UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| ORRAN M. GALLOWAY, | } | |
| ON BEHALF OF HIMSELF AND | } | |
| ALL OTHERS SIMILARLY SITUATED, | } | |
| | **}** | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | |
| | } | |
| SELIP & STYLIANOU, LLP, | } | |
| | } | |
| Defendant. | } | |

**COMPLAINT**
**DEMAND FOR TRIAL BY JURY**

Plaintiff, Orran M. Galloway [hereinafter "Galloway"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Selip & Stylianou, LLP [hereinafter "S&S"] and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendant's regular transaction of business within this district.  Venue in this district also is proper based on Defendant possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Defendant also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5.  Galloway is a natural person residing at 18 Cedar Street, Central Islip, NY  11722

6.  Galloway is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7.  On or about November 20, 2017, S&S sent Galloway the letter annexed as Exhibit A. Galloway received and read Exhibit A.  For the reasons set forth below, Galloway's receipt and reading of Exhibit A deprived Galloway of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8.  Per statements and references in Exhibit A, S&S sent Exhibit A to Galloway in an attempt to collect a past due debt.

9.  The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account for his individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges.  S&S via Exhibit A attempted to collect this past due debt from Galloway in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account.   Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. S&S is a limited liability partnership with a principal place of business located at 199 Crossways Park Drive, Woodbury, NY  11797.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  S&S possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon S&S possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of S&S is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, S&S identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, S&S is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**FIRST CAUSE OF ACTION-CLASS CLAIM**

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A sets forth a "Balance Due" of $4,560.73.

17. Per Exhibit A and Exhibit B, Exhibit A was an attempt to collect a debt resulting from the Judgment obtained on July 27, 2017 described in Exhibit B.

18. Based on Exhibit B setting forth that amount of the Judgment obtained on July 27, 2017 was $4,433.91 and Exhibit A setting forth a "Balance Due" of $4,560.73, the creditor continued to accrue interest, late charges, and/or other charges on the "Balance Due" set forth in Exhibit A.

19. Exhibit A failed to notify Galloway that his "Balance Due" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

20. As a result of the above, Defendant violated 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10) by sending Exhibit A to Galloway.

## SECOND CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

22. Exhibit A sets forth a "Balance Due" of $4,560.73.

23. If $4,560.73 was not the amount of the debt which S&S was authorized to collect on the date of Exhibit A, Defendant violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f(1) and/or 15 USC 1692f by sending Exhibit A to Galloway.

## THIRD CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

25. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18, and 29-31 of this Complaint.

27. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

29. The class consist of (a) all natural persons (b) who received a letter from S&S dated between November 20, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A.

30. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

31. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

32. The predominant common question is whether S&S's letters violate the FDCPA.

33. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

34. A class action is the superior means of adjudicating this dispute.

35. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:          November 18, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107